# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHARLIE E. EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 18-2726-JDT-cgc |
| | ) |
| FLOYD BONNER, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER TO MODIFY THE DOCKET, PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

On October 18, 2018, Plaintiff Charlie E. Evans a/k/a Charlie Earl Evans,[1] who at the time of filing was a pretrial detainee at the Shelby County Jail in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on October 25, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Evans has submitted letters to the Court that appear to supplement his complaint. (ECF Nos. 8, 9.) The Court will review the allegations in the letters with the complaint. The Clerk shall record the Defendants as Shelby County Sheriff Floyd Bonner; Sergeant First Name Unknown (FNU) Smith; Officer FNU Smith, D.R.T. Team Member FNU

---

[1] Evans has used his full name in other cases filed in this district. *See Earl v. Shelby County, et al.*, 2:03-cv-02591-JPM-STA (W.D. Tenn.), and *Earl v. Jones, et al.*, 2:02-cv-02515-SHM (W.D. Tenn.). The Clerk is DIRECTED to add Evans's full name as an alias.

Elliot, Sergeant FNU Buford, Captain FNU Jackson, Sergeant FNU Morning, Lieutenant FNU Johnson, and Deputy Chief FNU Fields.[2]

Evans alleges that "for weeks" he has had trouble "breathing without proper ventilations in my cell." (ECF No. 1 at PageID 2.) He states he was placed "in the hole" for 30 days, and upon entering the cell he notified Defendants Elliot and (Sergeant) Smith that the cell was "very hot," the toilet did not work, and that the cell lacked air ventilation. (*Id.*) Defendants Smith, Elliot, and Buford allegedly responded that they did not "give a fuck about how hot a cell is" and told Evans to get in the cell "or we will make you go." (*Id.*) Evans alleges that he entered the cell and had difficulty breathing within twenty-five minutes. (*Id.*) He alleges that his nose began bleeding, and he began to hyperventilate. (*Id.*) Evans's cellmate called for help, but no one came. (*Id.*) Evans lay on the floor and attempted "to receive oxygen from under the door." (*Id.* at PageID 3.) After Evans's cellmate began kicking the door to try to get help, Defendants Smith, Elliot, and Buford allegedly reappeared, referred to Evans by a racial epithet, and told him "Your ass gone [sic] die before we do any paper work on your ass. Bleed out. We just gone [sic] send your ass to the morgue and back home to ya [sic] family. We don't care." (*Id.*)

Evans alleges that he "just had to endure this extreme form of punishment" for weeks. (*Id.*) He allegedly wrote letters and grievances about the lack of ventilation and air conditioning but received no response. (*Id.*) Evans alleges that his cell "is completely blocked off with plexiglass top to bottom and there is no way to receive any source of air conditioning." (*Id.*) Captain Jackson allegedly told Evans "that they will not be removing the Plexiglass period." (*Id.*) Evans alleges

---

[2] In the complaint, Evans listed Defendants Buford and Elliot as "Officers" and Defendant Morning as a Lieutenant. However, he notes in subsequent letters to the Court that Buford and Morning are now Sergeants, (ECF No. 8 at PageID 18; ECF No. 12), and that Elliot is now a D.R.T. Team Member, (ECF No. 12). The Clerk is DIRECTED to modify the docket to reflect the current positions of Defendants Buford, Morning and Elliot.

that his cell smells of urine and feces, and he is taken to another room to use the toilet because the toilet in his cell does not work. (*Id.*)

In his supplements to the Court, Evans alleges that Defendant Buford refused Evans's reassignment from segregation and into the general population. (ECF No. 8 at PageID 18.) When Evans asked Buford why he had denied the transfer, Buford allegedly responded, "This is w[h]ere I want you until I'm ready for you to leave and go back to population." (*Id.* at PageID 19.) Buford allergy told Evans to "write a grievance, and I'm gone [sic] still be the on[e] that has to answer you[r] grievance." (*Id.*) Evans alleges that Buford "is not only punishing me unlawfully but mocking me daring me to write it up or to even compla[i]n to anyone." (*Id.*)

Evans further alleges that unnamed nurses are not complying with doctors' orders to keep him in the infirmary and treat him with certain medications. (ECF No. 9 at PageID 21.) He alleges that "the medical staff" is not giving him medication for pain, properly changing his medical dressings and bandages, or treating stitches he has inside of his nose. (*Id.* at PageID 21-22.)

Evan's asks the Court "to uphold the Law and see to it that these Government officials receive adequate punishment accordingly." (ECF No. 1 at PageID 4.) He requests unspecified compensatory and punitive damages and that the Court order the Jail to "install proper air condition units inside those cells inside those solitary confinement cells or take away the plexiglass from the bar's [sic]." (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

3

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Evans filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Evans does not allege any misconduct by Defendants Bonner, Officer Smith, Morning, Johnson, or Fields. His only allegation against Defendant Jackson is that Jackson told Evans the plexiglass on the cells would not be removed. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Evans's supplemental allegations against "the medical staff" also fail to state a claim. *See Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against defendants identified "only collectively as 'medical staff'").

To the extent Evans intends to assert an official-capacity claim against the Defendants, his claim is against Shelby County. The complaint, however, does not state a valid § 1983 claim against Shelby County. A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to

5

execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Evans, however, does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County. He therefore fails to state a claim against the County or against any Defendant in his or her official capacity.

Evans alleges that he was kept for weeks in an exceedingly hot cell with no ventilation. Because Evans was a pretrial detainee at the time of the alleged events, his claim arises under the Fourteenth Amendment. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008)). As a pretrial detainee, Evans is entitled to the same protection against cruel and unusual punishment as convicted inmates. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[3] Thus, to state a claim under the Fourteenth Amendment, Evans must satisfy both an objective and a subjective component. *Id.* at 937-38.

The objective component requires that the deprivation be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conditions of a prisoner's confinement may be considered cruel and unusual when they deprive inmates of "the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Estelle v. Gamble*, 429

---

[3] Some circuits have modified the standard a pretrial detainee must meet to state a claim under the Fourteenth Amendment after the Supreme Court's holding in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). *See Badger v. Chapman*, No. 16-2886-STA-EGB, 2018 WL 5777504, at *6 (W.D. Tenn. Nov. 2, 2018) (order of partial dismissal, discussing cases). For purposes of screening, the Court will apply the Eighth Amendment's deliberate indifference standard to Evans's Fourteenth Amendment conditions-of-confinement claim. *See id.*

6

U.S. 97, 103-04 (1976). A prisoner must allege "extreme deprivations . . . to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

To satisfy the subjective component, "the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind." *Winkler*, 893 F.3d at 891 (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. 837.

Other courts in this circuit have concluded that conditions similar to those alleged in the complaint may violate the constitution. *See, e.g.*, *Wappler v. Huss*, No. 1:08-CV-629, 2009 WL 3055202, at *8 (W.D. Mich. Sept. 18, 2009) (citing *Hadix v. Caruso*, 492 F. Supp. 2d 743, 751 (W.D. Mich. 2007) ("Subjecting prisoners to conditions of excessive heat and humidity deprives them of the 'minimal civilized measure of life's necessities.'"); *Brock v. Warren Cnty., Tenn.*, 713 F. Supp. 238, 242-43 (E.D. Tenn. 1989) (concluding that conditions of decedent inmate's cell, which included "virtually nonexistent" ventilation in jail cell and "extremely high" temperature and humidity, constituted "wanton and unnecessary infliction of pain" in violation of the Eighth Amendment). Courts in other circuits have concluded the same. *See, e.g.*, *Blackmon v. Garza*, 484 F. App'x 866, 869 (5th Cir. 2012) ("Allowing a prisoner to be exposed to extreme temperatures can constitute a violation of the Eighth Amendment."); *Chandler v. Crosby*, 379 F.3d 1278, 1294 (11th Cir. 2004) ("[A] prisoner may state an Eighth Amendment claim by alleging a deficiency as to either [cooling or ventilation] in isolation or both in combination."); *Ramos v. Lamm*, 639 F.2d 559, 569 (10th Cir. 1980) (affirming that inadequate ventilation in prison cells,

7

which "result[ed] in excessive odors, heat, and humidity . . ., facilitat[ed] personal discomfort along with health and sanitation problems" and was "constitutionally impermissible").

Evans alleges that for weeks he was forced to live in an exceedingly hot cell with no ventilation. He alleges that he has experienced difficulty breathing, hyperventilation, and nose bleeds from the conditions. His allegations satisfy the objective component of a Fourteenth Amendment claim. Evans also satisfies the subjective component. He alleges that Defendants Sergeant Smith, D.R.T. Team Member Elliot, and Sergeant Buford not only knew about the inhospitable conditions but forced Evans to endure them. Evans's allegations, taken as true, satisfy both components of a Fourteenth Amendment claim. This claim will be allowed to proceed.

Evans alleges that Defendant Buford has kept him in administrative segregation without a reason and only to punish him. Under the Fourteenth Amendment, pretrial detainees held in jail "'may not be punished prior to an adjudication of guilt in accordance with due process of law.'" *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Prison officials may subject a pretrial detainee to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell*, 441 U.S. at 536-37. "Absent a showing of an expressed intent to punish on the part of jail officials, if such a condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." *Thompson*, 29 F.3d at 242 (citation and internal quotation marks omitted).

Evans alleges that there is no legitimate reason for his continued detention in administrative segregation because he is not facing any disciplinary charges. He alleges that Defendant Buford intentionally denied Evans's return to the general population as punishment. Taking these

8

allegations as true, Evans has sufficiently pleaded that his continued detention in administrative segregation is arbitrary and punitive, which is sufficient to state a claim under § 1983.

Evans does not, however, state a claim regarding his grievances that have allegedly gone unanswered. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

In conclusion, the Court DISMISSES Evans's claims against Sheriff Bonner, Officer Smith, Captain Jackson, Sergeant Morning, Lieutenant Johnson, and Deputy Chief Fields for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court will allow Evans to proceed on his Fourteenth Amendment claim against Defendants Sergeant Smith, Buford and Elliot for forcing him to remain in an excessively hot cell and also on his Fourteenth Amendment claim against Buford for keeping him in segregation without a legitimate reason.

It is ORDERED that the Clerk shall issue process for Defendants Sergeant Smith, Elliot, and Buford and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Sergeant Smith, Elliot, and Buford pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Evans shall serve a copy of every subsequent document he files in this case on the attorneys for Defendants Sergeant Smith, Elliot, and Buford or on Defendants Sergeant Smith, Elliot, and Buford personally if any Defendant is unrepresented.

Evans shall make a certificate of service on every document he files. Evans shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Evans is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE

---

[4] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.